

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Philip James Degnan*  
*Assistant United States Attorney*

970 Broad Street, Suite 700  
Newark, New Jersey 07102

(973) 645-2713  
(Fax) (973) 645-3988

October 1, 2008

*So Ordered*
*(Hearing shall be conducted by telephone)*
*Motion adjourned until 12/15/08 at 3:00 p.m.*
*/s/ Peter G. Sheridan*
*10/2/08*

**VIA ECF and REGULAR MAIL**

Hon. Peter G. Sheridan, U.S.D.J.
United States District Court
    for the District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

> Re:  **United States v. Jermaine Johnson**
>      **Crim. No. 05-456 (PGS)**

Dear Judge Sheridan:

   Please accept this letter in response to defendant Jermaine Johnson's correspondence to the Court dated May 19, 2008. Mr. Johnson contends that he has not received certain jail credits to which he believes he is entitled. Mr. Johnson specifically asks the Court to "order that [he] receive credit for all [his] time served and that the Bureau of Prisons be ordered to enter the correct computation." As discussed in greater detail below, the United States respectfully submits that his application should be dismissed.

   Mr. Johnson's recitation of the procedural history of this matter is essentially correct. On September 8, 2005, Mr. Johnson was sentenced by the Hon. William G. Bassler, Sr.U.S.D.J., to a term of imprisonment of 58 months. At that time, he was awaiting sentencing on an unrelated charge in the State of New Jersey, Superior Court, Hudson County. On September 16, 2005, the Superior Court sentenced Mr. Johnson to a term of imprisonment that was to run concurrent to the federal sentence previously imposed. Mr. Johnson contends that his federal time was to run from the date he was actually sentenced, concurrent with the later-imposed state sentence. It appears, however, that because --for some unknown reason -- Mr. Johnson was not taken into federal custody immediately following the imposition of his sentence. As a result, he was not given credit towards his

federal sentence for time he spent on his state sentence.

Since this matter has come to the Court's attention, defense counsel, the undersigned, and the Court have conferred in an effort to determine how best to deal with this issue. Additionally, as the Court is aware, I have had separate conversations with representatives of the Bureau of Prisons ("BOP") and indicated to them that both defense counsel and I believe that the failure to award Mr. Johnson the jail credits he has requested does not reflect the sentencing judge's intent at the time of sentencing. In response, the BOP has taken steps to deal with this issue administratively. Specifically, the BOP has initiated a review process to determine whether the facts surrounding Mr. Johnson's incarceration would warrant a different calculation of jail credit. That review has not been completed. I submit this letter, however, in light of my statement to the Court on September 10, 2008, that the United States would submit its reply on or before October 1, 2008. The United States would have no objection to the Court delaying a decision on Mr. Johnson's application to permit the resolution of the administrative proceedings. In the event, however, that the Court would prefer to resolve this matter, the United States believes that Mr. Johnson's application is improperly filed and, as such, must oppose the requested relief.

In the first instance, Mr. Johnson's letter should not be considered a motion to revise his sentence. Such a motion would be governed by Federal Rule of Criminal Procedure 35. Under that Rule, a court may correct a sentence within seven days of the date of sentencing upon a showing of "arithmetical, technical, or other clear error." See Fed. R. Crim. P. 35(a). After that seven-day period, a Rule 35 motion can only be entertained upon motion of the Government and, then, only within one year after sentencing. See Fed. R. Crim. P. 35(b)(1); see also United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); United States v. Freidland, 83 F.3d 1531, 1538-39 (3d Cir. 1996). Notwithstanding the relevant time periods, Mr. Johnson has not asked for his sentence to be modified. Rather, his only contention is that he has not been given proper jail credits by the Bureau of Prisons. As discussed below, such a motion must be made through a different cause of action and must name the appropriate parties.

Mr. Johnson's brief recitation of the procedural history of this matter illustrates that his motion is, in fact, a request to modify the Bureau of Prisons' calculation of his jail credits. As a result, Mr. Johnson's application to the Court is improperly filed. Because Mr. Johnson's petition to the Court concerns the

computation or length of his sentence, he must make that motion under 28 U.S.C. § 2241. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981)(finding that issues relating to the manner in which time served on state charges relates to time owed on federal charges must be litigated under 28 U.S.C. § 2241); see also United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985) (finding that the "appropriate vehicle for . . . review [of Parole Commission action] is an original habeas corpus petition, pursuant to 28 U.S.C. § 2241 . . . ."); cf. United State v. Addonizio, 442 U.S. 178, 190 (1978) (finding that a district court may not modify a final sentence simply because actions of the Parole Commission were inconsistent with the Court's expectations at sentencing). Simply put, the issue of jail credit is not the province of either the Court or the prosecutor's office. It is for the Bureau of Prisons alone. As a result, in filing such a motion under 28 U.S.C. § 2241, the proper responding party is the person having immediate custody of the Petitioner. See 28 U.S.C. §§ 2242-43; Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). Because Mr. Johnson is presently confined at the federal facility in Ft. Dix, New Jersey, he must re-file his action under the appropriate statute and name the warden of the facility as the Respondent.

Requiring Mr. Johnson to adhere to the appropriate procedural path in litigating this matter is not only a jurisdictional requirement, but is also a practical requirement. Whether or not it was correct to withhold jail credits under the circumstances of this case is simply not an issue for the United States Attorney's Office to litigate in this setting. Here, it is correct that Mr. Johnson was sentenced in federal court first to permit at least the possibility that the State sentence would be imposed concurrent to the federal sentence, which it was. Whether or not the BOP correctly computed Mr. Johnson's jail credit, however, is simply not an issue for this Court in the current procedural setting. To challenge the BOP's decision, Mr. Johnson must make the BOP a party to his action so that it can provide the basis for its decision to withhold jail credits. For the Court to make a decision without the BOP's participation would require the Court to rely upon speculation and conjecture.

As a result of the foregoing, the United States respectfully submits that Mr. Johnson's application must be dismissed. Should the Court wish to hold the matter open to permit the BOP's administrative process to continue, the United States would not object and will continue to cooperate with the BOP in an effort to resolve the matter.

> Respectfully submitted,
>
> CHRISTOPHER J. CHRISTIE
> United States Attorney
>
> s/ Philip James Degnan
>
> By: PHILIP JAMES DEGNAN
> Assistant U.S. Attorney

cc: Francis S. Cutruzzula, Esq. (via fax -- (201) 459-1656)