U.S. Department of Justice

Federal Bureau of Prisons

*Designation & Sentence Computation Center*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

September 29, 2008

The Honorable William G. Bassler
Senior Judge of the U.S. District Court
   for the District of New Jersey
Martine Luther King Building
U.S. Courthouse
20 Walnut Street, Room 4015
Newark, New Jersey 07101

**Re: JOHNSON, Jermaine**
Register Number: 27208-050
Criminal Docket Number: 2:05CR456-01

*So Ordered counsel shall submit comments to the court regarding this letter on or before Nov. 6, 2008*
*[signature] 10/22/08*

Dear Senior Judge Bassler:

    On September 8, 2005, Jermaine Johnson was sentenced by the Court to a 58-month term of incarceration for Unlawful Possession of a Firearm by a Convicted Felon. Mr. Johnson was under the primary jurisdiction of state authorities and in federal custody pursuant to a Writ. The respective Judgment and Commitment Order was silent regarding any relationship with the forthcoming action in the State of New Jersey. Following sentencing, Mr. Johnson was appropriately returned to New Jersey authorities. The U.S. District Court Judgment was filed as a detainer with the state of New Jersey.

    On September 16, 2005, Mr. Johnson was sentenced by the state of New Jersey, to a 7-year term of incarceration (42-months mandatory) for Distribution and Dispensing a Controlled and Dangerous Substance within 1,000 feet of a School. His state sentence was ordered to run concurrent to his federal sentence. He paroled from state custody on December 5, 2007. Upon release from state custody, he was released to the United States Marshals Service detainer to commence the service of his federal sentence in accordance with Title 18, U.S.C. § 3585(a).

    Mr. Johnson now requests credit toward his federal sentence for the time which he spent in state custody. Title 18, U.S.C. § 3585(b), prohibits the application of this credit. However, as a result of the decision in <u>Barden V. Keohane</u>, 921 F.2d 476

(3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for credit in such a case as a request for a retroactive (concurrent) designation.

The Bureau of Prisons strives to administer sentences in accordance with federal statutes, Bureau policy and the intent of the Sentencing Court. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

It is the preference of the Bureau of Prisons that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. Should the designation be granted, the Bureau will commence Mr. Johnson's sentence upon imposition, which will result in a projected release date of November 9, 2009. Should the Bureau of Prisons deny the request, Mr. Johnson will continue to a current projected release date of February 20, 2012. If the Bureau of Prisons makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Mr. Frankland Clarke, Operations Manager, at (972)595-4492.

Sincerely,

Delbert G. Sauers
Chief

kjg